HAWKINS, Presiding Justice, for the Court:
Western Tar Products Corporation (Western Tar), an Indiana corporation, has appealed from a default judgment rendered against it in the circuit court of Monroe County in favor of Alton Sheet Metal & Roofing Works, Inc. (Alton) and Employers Mutual Casualty Company (Employers Mutual), and an order of the circuit court overruling Western Tar’s motion to vacate the judgment.
We find the process purportedly served in this case fatally defective and reverse.
FACTS
We will only recite the facts necessary to the conclusion we have reached in this case.
On April 15,1982 the Board of Education of Monroe County (the Board) sued Alton and its performance bondsman Employers Mutual in the Monroe County Circuit Court for a defective roof on a high school building in Hamilton. Service of process was had upon these defendants, who alleged as an affirmative defense that the flaw in the roof was caused by defective materials sold Alton by the Celotex Corporation (Celotex), a Delaware corporation, and manufactured by Western Tar.
On the same date the answer was filed, April 29, 1982, the defendants also filed a third-party complaint against Celotex and Western Tar, alleging the defendants were entitled to recover as against Celotex and Western Tar any amount the plaintiffs recovered against these defendants.
C.T. Corporation Systems (C-T) of 118 North Congress Street in Jackson was at that time the duly constituted agent for process for both third-party defendants, Celotex and Western Tar.
The records of the circuit clerk show that process for mail was prepared for both Celotex and Western Tar, as shown by a copy of the summons to each in the court file. Summons was mailed on April 29. While the circuit clerk had no independent recollection of preparing and mailing two summons, her postage record showed the envelope to C-T containing the summons weighed seven ounces as opposed to a usual summons by mail weighing only three ounces. Furthermore, the postal charge was $3.67 as opposed to the usual charge of $2.99.
There was no record of the third-party plaintiffs requesting that service be made by mail on the third-party defendants.
Both summons mailed by the clerk to C-T were placed in and mailed in one envelope, and only one return receipt was sent. A copy of the return receipt is attached as an appendix to this opinion.
The law firm Thompson, Alexander and Crews in Jackson handled all process for C-T Corporation Systems.
On May 3,1982, Cathy Still, an employee of that law firm, received the envelope from the circuit clerk and signed the return receipt. She had no independent recollection of receiving the summons.
The log entry in the journal of the law firm shows on May 3, 1982, summons was received in this case for The Celotex Corporation, and mailed to it on May 7. Also forwarded to Celotex was a C-T transmittal form giving specific information about the process.
No summons or information of any kind was mailed to Western Tar concerning the lawsuit.
Celotex answered the third-party complaint, and after negotiations was dismissed from the action.
Western Tar, a close corporation, filed no answer.
On March 15,1983, Alton and Employers Mutual filed an affidavit for default against Western Tar pursuant to Rule 55(c) *934 of the Mississippi Rules of Civil Procedure (MRCP). On March 16 the clerk entered a default, and the circuit judge entered an interlocutory default judgment that same date.
On June 17, 1983, the circuit judge entered an agreed judgment against Employers Mutual (Alton having gone into bankruptcy) for $19,568, with a credit of $3,568.
Also, on June 17 the circuit judge entered a final judgment against Western Tar in favor of Alton and Employers Mutual for $19,568 plus $6,000 attorney’s fees.
Western Tar received its first actual notice of the judgment on April 4, 1984, following service of a writ of garnishment on one of its debtors in Mississippi. On April 19, 1984, Western Tar filed a motion to set aside the judgment. Following a hearing at which the circuit clerk and Still testified as to the facts as above related, the circuit judge overruled the motion. A final order overruling the motion and a motion to reconsider was entered September 30, 1985.
Western Tar appealed.
LAW
On May 26, 1981, this Court adopted the Mississippi Rules of Civil Procedure, effective January 1, 1982. On March 8, 1982, this Court by Order deleted the entire text of Rule 4 of the rules effective May 1, 1982, and directed that after that date: “Process shall be issued and served in the form and manner prescribed by statute.”
The pertinent portions of Rule 4 of the Mississippi Rules of Civil Procedure, prior to deletion effective May 1, 1982, are as follows:
(b) Summons: Methods of Service. Methods of service, both in-state and out-of-state, shall be as follows: certified mail — return receipt requested; delivery by a process server; residence service; service by publication.
(1) Service by Certified Mail.
(A) When available. Service of summons may be by certified mail, or as otherwise permitted by these rules and requested in writing by the plaintiff.
(B) How served. The clerk shall place a copy of the summons and complaint or other document to be served in an envelope. He shall address the envelope to the person to be served at the address set forth in the pleadings or at the address set forth in written instructions furnished to the clerk. He shall affix adequate postage and place the sealed envelope in the United States mail as “Certified Mail: Return Receipt Requested” with instructions to the delivering postal employee to forward the envelope to the new, known address of the addressee, if any, to show to whom delivered, date of delivery, and address where delivered.... The clerk shall forthwith enter the fact of mailing on the docket and make a similar entry when the return receipt is received by him.
[[Image here]]
(E) When complete. Service by certified mail shall be deemed complete, and the time for answering shall run from, the date of delivery as evidenced by the return receipt.
[[Image here]]
(c) Summons: Who May be Served: Service of summons, except service by publication as provided in Rule 4(b)(4), 4(b)(5), and 4(b)(6), shall be made as follows:
[[Image here]]
(6) upon a corporation, either domestic or foreign, by serving the registered agent or an officer of the corporation.
There are three possible defects about this summons, but we find only one renders it fatal.
In the first place Rule 4 then in effect indicates that service by mail should be “requested in writing by the plaintiff.” There is no suggestion that the third party plaintiff in this case requested any method of service to be made upon Western Tar as a third-party defendant. We would be hard pressed, however, to set aside an otherwise perfectly valid service by mail for the sole reason that the plaintiff failed to request in writing that service be made in this manner.
*935 It appears that the reason Western Tar never received any notice of the suit was because the circuit clerk mailed two summons in one envelope to C-T, and Still only noticed the summons to Celotex. This type problem will not recur under present Rule 4, effective March 1, 1985. While mailing two summons in one envelope is no doubt good economy, and ordinarily would make good sense, this case demonstrates the need for each summons to be mailed in a separate envelope with a separate return receipt. The purpose of a summons is to give the court jurisdiction over a defendant. It must unequivocally notify the defendant that he is being sued in a certain court, and apprise him when he is required to answer or appear. First Jackson Securities Corp. v. B.F. Goodrich Co., 253 Miss. 519, 528, 176 So.2d 272 (1965). It should be accompanied with sufficient formality to impress upon the defendant the importance of the process.
Had summons for Western Tar been mailed in a separate envelope to C-T, the possibility of it being overlooked would have markedly decreased. Again, however, it cannot be said the circuit clerk in this case failed to comply with Rule 4 then in effect. There is no positive requirement to mail summons for each defendant in a separate envelope when both defendants have the same agent for service of process. Furthermore, Western Tar voluntarily chose C-T as its agent for service of process, and in this case it was C-T’s error in not forwarding the summons to Western Tar.[1]
The third flaw in the summons, and which we find renders it fatal, is that at the time C-T received it there was no authority whatever for service to be made in this manner. Under the statutes, service had to be made under Miss.Code Ann. §§ 13-3-33 and 13-3-49 by some officer authorized to serve process. Miss.Code Ann. §§ 13-3-35; 13-3-37; 19-25-37. There was no statutory authority to serve process by mail.
The original Rule 4 was in effect when the clerk mailed the summons on April 29, 1982. It was not received by C-T until May 3, 1982. Rule 4(b)(1)(E) clearly states that service of process is complete on “the date of delivery as evidenced by the return receipt.” By order of this Court on March 5, 1982, we directed that after May 1,1982, “Process shall be issued and served in the form and manner prescribed by statute.” In this case service could never be validly completed because at the time C-T received it there was no lawful authority for process to be served in this manner. It is the same as a summons addressed to a sheriff who attempts to serve it after he has gone out of office.[2]
We therefore hold that under Miss.Rule Civ.P. 60(b)(4) the default judgment rendered against Western Tar was void, and this case must be reversed and remanded for proceedings consistent with our holding.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
DAN M. LEE, P.J., not participating.

. Here again we need to examine the effect a summons should have upon the person served. If it is an individual defendant, when he receives the summons, he knows that he personally is going to be affected by the lawsuit. If it is a corporate defendant, when service is on an officer or a designated agent who is also the attorney for the corporation, the recipient knows his employer or his client, as the case may be, is going to be affected by the lawsuit. Service in such instances will almost inevitably receive the proper attention.
When summons is served, however, upon an agent whose only function is to accept process, and which has no interest in the outcome of the case, the summons may not receive the attention it deserves. This, apparently, is precisely what occurred. Fortunately for C-T, the summons in this case was defective for another reason.

. Although it is the court clerk’s legal responsibility to see that proper process is issued, the prudent attorney in any unusual summons might consider assisting the clerk in seeing that it is properly prepared, and also see that service is properly documented.